Hermann v. Spitzmiller.

---

## ADVERSE POSSESSION

[Hamilton (1st) Court of Appeals, June 25, 1914.]

Swing, Jones and Jones, JJ.

CLARA HERMANN v. JOSEPH SPITZMILLER ET AL.

**1. Policy of Law with Reference to Prescriptive Title to Land Dedicated for Street Purposes.**

A private person, claiming title to land which originally belonged to the public for street purposes, should base his claim on estoppel rather than the statute of limitations, and recognition will hardly be given to a claim by prescription unless in regard to land upon which valuable improvements have been erected.

**2. Character of the Improvements Which will Create Estoppel Against the Public.**

When the grade of an unimproved street was such that it could not be used by vehicles until improved, the inclosure by an abutting owner of a part of the dedicated strip by a fence for a period of less than twenty-one years does not afford ground for enjoining its improvement on a claim of title by adverse possession.

APPEAL.

*Ellis B. Gregg* and *J. T. Rhyno,* for plaintiff.

*Walter M. Schoenle* and *Dennis J. Ryan,* city solicitors, and *Gideon C. Wilson* and *John O. Eckert,* for defendants.

## JONES (O. B.), J.

This action was brought by the plaintiff for the purpose of enjoining certain grading that was being done upon a strip of land 25 feet wide by about 70 feet long, which is the east end of an unnamed street, along the north section line as shown on the plat of James H. Oliver's subdivision of St. Peter's, Lick Run, Section 31, Town. 3, Fractional Range 2 of the Miami Purchase, as recorded in plat book 1, page 254.

The action was originally brought against Joseph Spitzmiller, a contractor who was doing the work of grading, and Jennie Wahl, who owned the property east of plaintiff's property and who had been granted permission by the city of Cincinnati to grade said part of said street by private contract, on behalf of the city and under the direction of the city authorities. The city of Cincinnati was afterwards made a party, and claimed in its answer and cross-petition that the strip of land described in plaintiff's petition is a public street and forms a part of what is known as Fairmount avenue, and asked for a permanent injunction against plaintiff from interfering with its use and enjoyment as a public street.

At the time of the record of Oliver's subdivision the territory comprised in the plat was not within the city of Cincinnati. The plat was made, signed, acknowledged and recorded in accordance with the terms of the act of March 3, 1831 (29 O. L., 350), as found in Swan's Stat. 1854, p. 948. And under Sec. 8 of that act, now Sec. 3589 G. C., the recording of this plat made the strip of land shown along the north line thereof a public street and vested the title in fee simple in the county for public use as such. After the annexation of this territory to the city of Cincinnati, the platting commission of the city (under the platting commission act of 1871, 68 O. L., 36), by resolution of May 27, 1875, adopted a plat of the territory of which this subdivision was a part, showing this strip 25 feet wide as a dedicated and accepted street of said city, and showing as located and recommended for street purposes a strip 30 feet wide along its

Hermann v. Spitzmiller.

north line, and five feet wide along its south line—which three strips taken together would make a street 60 feet in width known as Fairmount avenue. The strip 30 feet wide along the north line was afterwards dedicated by the will of Robert W. Orr, found in will book 86, p. 384, which together made a dedicated street 55 feet in width, with five additional feet on the south recommended by the platting commission but not yet dedicated.

Plaintiff holds the title to lots in J. H Oliver's subdivision which abut upon the south line of this 25 foot street under deeds which describe the property by lot numbers and refer to the recorded plat. The description of the property in these deeds does not embrace, by metes and bounds or otherwise, the tract of land as to which she seeks an injunction, and she does not claim title under any deed, but claims to be the owner of that tract of land by adverse possession.

There is, therefore, no question but that the tract of land in dispute was part of a regularly dedicated street by statutory dedication, and that the title to same which originally vested in the county became vested in the city by the annexation of the territory embracing this subdivision, as a public street. The provision of law now found in Sec. 3723 G. C., did not require an acceptance by ordinance of this particular street, as that section is made for the protection of the city against liability for care and maintenance of the street rather than for the perfection of its title, and the action of the platting commission under the law in force at that time would constitute a complete acceptance of the street if a specific acceptance were required.

The question presented to the court is, whether the city has lost that title and the plaintiff has acquired title to this tract by adverse possession.

It is well settled in Ohio that an abutting property owner can acquire no right in a public highway by encroachment or occupation however long continued, where such encroachment or occupation is of a temporary character, such as fences, walls, shrubbery, etc., and is upon that part of the street not then required for public use. *Lane* v. *Kennedy,* 13 Ohio St. 42; *McClelland* v. *Miller,* 28 Ohio St. 488; *Little Miami Ry.* v. *Greene Co. (Comr.),* 31 Ohio St. 338; *Lawrence Ry.* v. *Mahoning Co.*

(*Comr.*), 35 Ohio St. 1; *Lake Shore & M. S. Ry.* v. *Elyria,* 69 Ohio St. 414 [69 N. E. 738].

The doctrine that adverse possession of a public highway can be established alone by fencing it in is not sustained by the late Ohio decisions. The tendency of the Supreme Court decisions seems to be to place the right of the private person to claim land belonging originally to the public for street purposes upon the ground of equitable estoppel rather than that of the statute of limitations and to refuse to recognize any claim of right by adverse possession unless accompanied with the erection of valuable improvements upon the land. *Elster* v. *Springfield,* 49 Ohio St. 82, 98 [30 N. E. 274].

The subject has been quite thoroughly examined and the decisions of this state considered in *Heddleston,* v. *Hendricks,* 52 Ohio St. 460 [40 N. E. 408], the third syllabus of which is as follows:

"The right of an adjacent landowner to inclose by a fence, however constructed, a portion of a public highway, can not be acquired by adverse possession, however long continued."

And Minshall, J., in the opinion of the court, at page 465, used the following language:

"The general rule is that the statute of limitations does not apply as a bar to the rights of the public unless expressly named in the statute; for the reason that the same active vigilance can not be expected of it, as is known to characterize that of a private person, always jealous of his rights and prompt to repel any invasion of them,"

following this with a discussion of Ohio cases, and then saying:

"More recent cases place the right of the public as against encroachments on its highways, however long continued, on the ground that they are public nuisances, in favor of which the statute of limitations does not run."

And refers to Sec. 6921 R. S. (Sec. 13421 G. C.), which imposes a penalty on whoever obstructs or incumbers by fences, buildings, etc., a public street or alley in a municipal corporation.

A good discussion of the law in regard to adverse possession of a public highway by fencing, is found in the decision of the

superior court, general term, in the case of *Winslow* v. *Cincinnati,* 9 Dec. 89 (6 N. P., 47).

There is some conflict in the decisions of the circuit court in regard to this question of adverse possession of a street, but this conflict is not serious when the facts of each case are considered, and it is not necessary nor have we space to discuss all of the cases or attempt to point out wherein they differ or how they may be reconciled.

Plaintiff relies upon the case of *Mott* v. *Toledo* 7 Circ. Dec. 216 (17 R. 472), where the facts justified the decision. The owners of the land dedicated a certain street by plat dated February 20, 1866, duly accepted by council March 21, 1866, but on October 25, 1866, conveyed by metes and bounds a portion of the land covered by such plat, including part of the dedicated street, and under that deed possession was taken and the land enclosed, and the property was used by the grantee and assigns for more than twenty-one years before the city made any effort to improve or take possession of the street. The court, in its opinion, on page 483, said:

"We do not intend to decide now that the owner of land who dedicates it for street purposes may himself set up a title against the public, claiming to hold by adverse possession, unless he shall hold by such possession of the property after the dedication, as to have made it notice to the public and to the city that he intended to hold that property against the city and to ignore and set aside his deed of dedication."

Another case relied upon by plaintiff is that of *Seese* v. *Maumee* 18 O. C. C. 768, (7 N. S. 497), where the effect of Sec. 4977 R. S. (Sec. 11220 G. C.), as amended in 1889, was discussed. The facts there made out a case showing adverse possession within the terms of that section, and the case was properly decided. In its opinion, the court discussing numerous cases, saw fit to question the decision found in *Morehouse* v. *Burgot,* 12 Circ. Dec. 163 (22 R., 174), and *Wright* v. *Oberlin,* 13-23 O. C. C. 509 (3 N. S. 242). We think this was unnecessary, and on the contrary approve the doctrine as laid down in the cases last named.

In the case at bar we think the evidence has failed to make

out a case of adverse possession under the terms of Sec. 11220 G. C.  It appears that the property covered by this subdivision of which the street was a part was rough and hilly, that there was an old fence upon the north line called Orr's fence, between the lands of Oliver and Orr, and also a fence upon the east line between the lands of Fenton and Oliver, part of the property being now owned by the defendant, Jennie Wahl.  These fences were in existence at the time of the subdivision and have not been changed except by decay and renewal.  The evidence fails to show that there ever was a complete enclosure of the tract owned by plaintiff, and also shows that there was a certain amount of passing along the lines of Fairmount avenue and Massasoit avenue, formerly called Orr's lane, by pedestrians traveling from Fairmount into Lick Run.  It shows that the property was practically not in use, except for pasturage purposes during certain parts of the year, until about fourteen years ago when plaintiff built her dwelling-house upon her lots, and the only dominion she has undertaken to exercise over this particular tract since that time has been by grading and grassing same and the planting of one or two trees upon it.  The street was of a character that could not be traveled conveniently by vehicles without grading and improvement.  There was no necessity on the part of the city to tear down fences in advance of proceedings for such improvement, as the only travel that could be had upon it was that of pedestrians who could and did use the streets regardless of the fences.

The evidence also shows that the 20-foot street or alley known as Hill street, along the east side of the Oliver subdivision, was vacated by the council of the city of Cincinnati, at the instance of plaintiff, and that in January, 1913, she presented to council a petition and ordinance asking for the vacation of the tract in question under the description of an "unnamed 25-foot alleyway between High street and Massasoit avenue, along the south line of Sec. 31, Millcreek township," which vacation was not granted—thus showing a recognition at that time of the existence of the streets and ways shown in the Oliver subdivision.

To bar "rights under the statute of limitations the possession must be actual, open, notorious, continuous, exclusive and

Hermann v. Spitzmiller.

adverse, shown by overt acts of unequivocal character which clearly indicate an assertion of ownership to the premises to the exclusion of the rights of the real owner." *Gill* v. *Fletcher*, 74 Ohio St. 295 [78 N. E. 433; 113 Am. St. 962].

"Adverse possession to give title must have been open, notorious, continuous and adverse for twenty-one years, and where it appears that land, part of a dedicated and accepted public street, while yet unopened and unimproved, was fenced in by an adjoining owner for twenty-one years, such fact is only one element of evidence necessary to establish his right to possession, and would not be conclusive to establish such right. The question remains under what circumstances and claim the fence was built and maintained." *Reynolds* v. *Newton*, 8 Circ. Dec. 15 (14 R. 433) ; 1 Am. & Eng. Enc. (2d Ed.), 759.

The plaintiff has not shown adverse possession to bring herself within the terms of Sec. 11220 G. C.; even conceding all that she claims from the evidence, certainly not for a period longer than fourteen years. To entitle the plaintiff to an injunction the burden is upon her to show clearly that she is the owner of the land claimed. In this we think she had failed. In our opinion the evidence shows that the city is entitled to improve this street directly or by means of a permit granted to any interested property owner, as it may see fit.

The petition of plaintiff will therefore be dismissed and a decree will be entered enjoining her from interfering with the city in the possession of this land.

JONES (E. H.), J., concurs.

SWING, J., dissenting.

I can not agree with the decision of a majority of the court. I have no contention about the law as announced in the decision, but the facts of the case, in my judgment, do not fit the law as laid down. This is not an encroachment on a part of the street, but for more than fifty years the public has been excluded from any portion of the street and the plaintiff and her predecessors in title have for more than fifty years enjoyed the adverse, continuous and exclusive possession of the street, and under such conditions the plaintiff has acquired a good title as against the public and everybody else.